UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CONFEDERATED TRIBES OF THE
CHEHALIS RESERVATION, et al.,

               Plaintiffs,

    v.

THURSTON COUNTY BOARD OF
EQUALIZATION, et al.,

               Defendants.

CASE NO. C08-5562BHS

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFFS' MOTION TO
AMEND JUDGMENT

This matter comes before the Court on Plaintiffs' Amended Motion to Amend
Judgment. Dkt. 188. The Court has considered the pleadings filed in support of and in
opposition to the motion and the remainder of the file and hereby grants in part and denies
in part Plaintiffs' motion for the reasons stated herein.

## I. PROCEDURAL BACKGROUND

On September 18, 2008, Plaintiffs Confederated Tribes of the Chehalis
Reservation ("Tribe") and CTGW, LLC ("CTGW") filed a complaint against Defendants
Thurston County Board of Equalization; equalization board members John Morrison,
Bruce Reeves and Joe Simmonds; Thurston County Assessor Patricia Costell; and
Thurston County. Dkt. 1. Plaintiffs alleged that Defendants are violating the U.S.
Constitution as well as federal common law by imposing a personalty tax on CTGW's
facility, the Great Wolf Lodge ("Lodge"). *Id.* ¶ 1.

On March 9, 2009, Plaintiffs filed a First Amended Complaint for Declaratory and Injunctive Relief.[1] Dkt. 46. The Court, as it did in its April 2, 2010, order (Dkt. 181 at 2), summarizes Plaintiffs' five causes of action asserted in their amended complaint as follows: (1) Defendants' attempt to levy and collect taxes is *per se* invalid, (2) Defendants' taxes are preempted under *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136 (1980), (3) Defendants are interfering "with Plaintiff Tribe's inherent sovereign right of self-governance," (4) Defendants are acting *ultra vires*, and (5) Defendant Thurston County assessor's action is contrary to the Washington Department of Revenue's act, order, or direction. Dkt. 46, ¶¶ 41-61.

On March 12, 2009, Plaintiffs filed a Motion for Summary Judgment Re: Department of Revenue Decision. Dkt. 47. On March 30, 2009, Defendants responded (Dkt. 52), and on April 3, 2009, Plaintiffs replied (Dkt. 54). On July 2, 2009, the Court dismissed Plaintiffs' fifth claim for relief and denied Plaintiffs' motion for summary judgment on their *Rickert* claim. Dkt. 61.

**A.    The Parties' Motions for Summary Judgment**

On December 31, 2009, Defendants filed a Motion for Summary Judgment (Dkt. 100) and Plaintiffs filed a Motion for Summary Judgment Re: *Bracker* Preemption (Dkt. 107). On January 4, 2010, Plaintiffs filed a revised version of their motion. Dkt. 113-2. On January 19, 2010, both parties responded. Dkts. 125 and 129. On January 22, 2010, both parties replied. Dkts. 133 and 134. On March 22, 2010, the Court held a hearing on the cross-motions for summary judgment. Dkt. 178.

---

[1] On June 15, 2010, the parties filed a stipulated motion to substitute a party defendant and amend the caption in this case to reflect the May 21, 2010, appointment of Shawn Myers ("Myers") as Thurston County Treasurer. Dkt. 194. Accordingly, Myers has been substituted for former treasurer Robin Hunt as a defendant in this matter and the caption has been amended to reflect this substitution. Dkt. 195.

1

**B.     The Court's April 2, 2010, Order**

2

3      On April 2, 2010, the Court issued an order granting Defendants' motion for

4  summary judgment and denying Plaintiffs' motion for summary judgment regarding

5  *Bracker* preemption.  The Court's order provided:

6

> In this case, the parties have filed cross-motions for summary judgment and
> the Court finds that the record is sufficient to "show that there is no genuine
> issue as to any material fact." Fed. R. Civ. P. 56(c)(2).  In fact, the parties
> agreed at oral argument that there are no questions of material fact and that
> a trial is unnecessary.  Therefore, the Court will enter judgment as a matter
> of law based on the current record.

Dkt. 181 at 9.  First, under the heading titled "Preliminary Matters," the Court stated:

> Plaintiffs' first claim for relief is that Defendants' attempt to levy and
> collect taxes is "*per se* invalid as a matter of federal law."  Amended
> Complaint, ¶ 44.  The Supreme Court has stated that in "the special area of
> state taxation of Indian tribes and tribal members, we have adopted a per se
> rule."  *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 216 n.
> 17 (1987).  The tax, however, is levied against CTGW, a Delaware
> corporation, which is neither an Indian Tribe nor a tribal member.  In
> Plaintiffs' response to Defendants' motion, they state that they "hereby
> withdraw their tribal entity *per se* claim."  Dkt. 125 at 2.  Therefore, the
> Court grants Defendants' summary judgment on Plaintiffs' first cause of
> action.

*Id*. at 7.  Next, the Court found that, on the issue of *Bracker* preemption, "Plaintiffs have

failed to meet their burden in showing that the federal and tribal interests overcome the

state interests" and therefore granted Defendants' motion for summary judgment and

denied Plaintiffs' motion for summary judgment on that issue.  *Id*. at 13-14.  Finally, the

Court found that "Plaintiffs have failed to submit any authority for the proposition that the

Assessor acted *ultra vires* . . . or clear, cogent and convincing evidence that the

Assessor's valuation is incorrect" and therefore granted Defendants' motion for summary

judgment on that issue.  *Id*. at 15.

On April 21, 2010, Plaintiffs filed their Motion to Amend April 2, 2010, Judgment

in Civil Case (Dkt. 185) and on April 30, 2010, Plaintiffs filed a withdrawal of that

motion (Dkt. 189) and their Amended Motion to Amend April 2, 2010 Judgment in Civil

Case (Dkt. 188).  On May 17, 2010, Defendants responded to Plaintiffs' amended motion

(Dkt. 192) and on May 21, 2010, Plaintiffs replied (Dkt. 193).

## II. FACTUAL BACKGROUND

The Court incorporates the section titled "Factual Background" in the order on the

parties' motions for summary judgment. Dkt. 181 at 2-7.

## III. DISCUSSION

**A.    Counts I and III of Plaintiffs' Amended Complaint**

Count I of Plaintiffs' amended complaint states:

> Federal law does not permit Thurston County to tax Indian tribes for
> activities conducted on their reservations, absent express authorization from
> Congress.  No Congressional authorization exists for Thurston County to
> tax the Plaintiffs' Improvements.
> Permanent improvements to tribal trust property are not subject to
> state taxation.
> Thurston County has levied its personalty tax on CTGW with respect
> to the permanent Improvements to the Tribe's Trust Property.  The
> incidence of this tax falls upon CTGW, a Tribal entity.
> Thurston County's personalty tax is federally preempted under the
> circumstances described herein, and Defendants' attempt to levy and collect
> such tax is therefore *per se* invalid as a matter of federal law.

Dkt. 46 at 8 ¶¶ 41-44.

Count III of Plaintiffs' amended complaint states:

> Plaintiff Tribe has the inherent and federally-recognized sovereign
> right to make its own laws and be ruled by them.
> The Tribe does not have a property tax base.  The Tribe obtains
> revenues for essential government services through economic development
> and taxation associated with economic development.  Thurston County's
> taxation of the Improvements deprives the Plaintiff Tribe of opportunity to
> raise revenue to support essential governmental services that are necessary
> for it to exercise its inherent sovereign rights to make its own laws and be
> ruled by them and to ensure the health, safety and welfare of its members.
> Thurston County's taxation of the improvements, and its attempts to
> collect such taxes through distraint of the Improvements, therefore violate
> federal law by interfering with Plaintiff Tribe's inherent sovereign right of
> self-governance.

Dkt. 46 at 9-10 ¶¶ 50-52.

1

**B.    Parties' Contentions**

2        In their motion to amend, Plaintiffs move the Court to amend the Court's April 2,

3    2010, judgment to correct "the apparent inadvertent dismissal of (1) Plaintiffs'

4    independent third cause of action that Defendants are interfering with Plaintiff Tribe's

5    inherent sovereign right of self governance, and (2) Plaintiffs' first count concerning

6    property *per se* tax immunity (the '*Rickert* claim')."  Dkt. 188 at 1-2 (citing Dkt. 182).

7    According to Plaintiffs, Defendants did not seek summary judgment dismissal of

8    Plaintiffs' separate cause of action for sovereignty interference and such claim was not

9    briefed in the parties' cross-motions for summary judgment.  Dkt. 188 at 2.  Further,

10   Plaintiffs argue that Defendants failed to seek summary judgment on Plaintiffs' property

11   *per se*, or *Rickert* claim that "[p]ermanent improvements to tribal trust property are not

12   subject to state taxation."  *Id*. at 2 (quoting Dkt. 46 at 8 ¶ 42).  Thus, Plaintiffs maintain

13   that "the Court's entry of Judgment and apparent dismissal of Plaintiffs' separate and

14   distinct sovereignty interference and *Rickert* claims, and its related closure of Plaintiffs'

15   case, on April 2, 2010 was mistaken and manifestly unjust."  *Id*. at 2.  The Plaintiffs then

16   asked the Court to amend its judgment to indicate that neither their property *per se* claim

17   to their first cause of action, nor their third cause of action, were dismissed pursuant to the

18   Court's April 2, 2010 order and to reinstate those claims as the case is not closed.  *Id*. at

19   3.  In addition, Plaintiffs ask the Court to amend its judgment to reflect the fact that its

20   dismissal of Plaintiffs' other claims involve controlling questions of law as to which there

21   are substantial grounds for difference of opinion and that an immediate appeal from the

22   dismissal of such claims may materially advance the ultimate termination of the litigation

23   pursuant to 28 U.S.C. § 1292(b).  *Id*.

24       In their response, Defendants maintain that they moved for summary judgment on

25   all of Plaintiffs' claims and that, by granting their motion, the Court properly dismissed

26   Counts I and III of Plaintiffs' amended complaint.  Dkt. 192 at 1.  In support of their

27   position, Defendants assert that Count III of Plaintiffs' amended complaint, that the

28

1    taxation at issue "violate[s] federal law by interfering with Plaintiff Tribe's inherent

2    sovereign right of self-governance," is encompassed in the Court's analysis of Plaintiffs'

3    *Bracker* claim.  *Id*. at 3.  Further, Defendants argue that Plaintiffs' amended complaint

4    does not include a separate cause of action for a *Rickert* claim, and regardless, that

5    Plaintiffs' legal theory based on *Rickert* was rejected by the Court in its July 2, 2010,

6    order.  *Id*. at 7 (citing Dkt. 61 at 14).

7    **C.    Ruling on Plaintiffs' Motion**

8           Rule 59 of the Federal Rules of Civil Procedure allows a party to file a motion to

9    amend a judgment within 28 days from the entry of the judgment.  Fed. R. Civ. P. 59(e).

10   The Ninth Circuit has held that "[a] Rule 59(e) motion is appropriate if the district court

11   . . . committed clear error or the initial decision was manifestly unjust."  *Circuit City*

12   *Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005) (internal quotation marks

13   omitted).  Here, the Plaintiffs filed a motion to amend the Court's April 2, 2010, judgment

14   within 28 days of the entry of the judgment.  Plaintiffs allege that the Court, in closing the

15   case following its order of summary judgment, committed clear error and that such

16   decision was manifestly unjust.  Dkt. 188 at 7.  Thus, Plaintiffs' motion is properly filed

17   pursuant to Rule 59(e).

18          Having reviewed the parties' motions for summary judgment, the instant motion

19   and the remaining file herein, the Court concludes that summary judgment has been

20   granted on all of Plaintiffs' claims and that the case was properly closed following the

21   Court's April 2, 2010, order.  However, in an abundance of caution, the Court concludes

22   that Plaintiffs' motion to amend the judgment is granted in part to the extent that the

23   Court will clarify its order dismissing all of Plaintiffs' claims.  Further, because the Court

24   has concluded that all claims in this action are dismissed, Plaintiffs' request pursuant to §

25   1292(b) regarding an immediate appeal of the Court's orders on summary judgment is

26   denied as moot.

27

28

## IV. AMENDED JUDGMENT

**A.      Plaintiffs' *Rickert* Claim**

In the Court's July 2, 2009, order on Plaintiffs' motion for partial summary judgment, the Court concluded that Plaintiffs' legal theory based on *Rickert* was not applicable to the taxation issue in this case.  Dkt. 61 at 13.  A summary of *U.S. v. Rickert*, 188 U.S. 432 (1903), is contained in the Court's July 2, 2009, order.  *Id*. at 12-13.  Following the summary of the *Rickert* case, the Court's order provides:

> In this case, the Court is not persuaded that the rule of *Rickert* applies to bar the taxation in question because this case involves a significantly different factual scenario.  Although the site in Grand Mound is held in trust by the United States for the benefit of the Tribe, the Lessee, CTGW, owns the improvements in fee during the terms of the Lease.  Moreover, it cannot be said that the improvements are "occupied" by the Tribe as CTGW currently uses the improvements to operate a hotel, conference center, and indoor water park.  Therefore, the *Rickert* rule that was implemented to protect a homestead and associated livestock is, in this Court's opinion, **inapplicable to privately owned business ventures even though the improvements are on land held in trust by the United States**.

*Id*. at 13-14 (emphasis added).  The Court was clear in its order that it was not only denying Plaintiffs' motion for summary judgment on its *Rickert* claim, but was concluding, as a matter of law, that *Rickert* did not apply in this case.  Although Plaintiffs argue in their reply to their motion to amend that they developed new evidence concerning the permanence of the Lodge improvements that support their *per se* claim under *Rickert* (Dkt. 193 at 5), Plaintiffs do not assert that CTGW ceases to be a "privately owned business venture" (Dkt. 61 at 14).  Thus, in accordance with the Court's July 2, 2010, order, the Court reiterates that *Rickert* is inapplicable to Plaintiffs' *per se* property claim.  Therefore, the Court's April 2, 2010 order granting Defendants' motion for summary judgment on Plaintiff's *per se* property claim, was sufficient to dismiss any remaining claims under Count I of Plaintiffs' amended complaint (Dkt. 46 at 8 ¶¶ 41-44).

1    **B.      Plaintiffs' Sovereignty Interference Claim**

2            On March 22, 2010, the Court held oral arguments on Plaintiffs' and Defendants'

3    cross-motions for summary judgment.  Dkt. 178.  Although the parties had some

4    disagreement as to what facts were still in dispute, counsel for both parties agreed that a

5    trial was unnecessary and that the case could be decided by the Court on summary

6    judgment.  When the Court scheduled the oral arguments, the question posed to the

7    parties was whether the Ninth Circuit, in *Yavapai-Prescott Indian Tribe v. Scott*, 117 F.3d

8    1107, 1109 (9th Cir. 1997), *cert. denied*, 522 U.S.1076 (1998), laid out the applicable

9    framework for analyzing the instant case based on the significant factual similarities.  As

10   the Court stated in its April 2, 2010, order, while Plaintiffs attempted to distinguish the

11   instant case from *Yavapai* on multiple grounds during oral arguments, the Court

12   concluded that *Yavapai* "is the most factually similar precedent that frames the analysis of

13   this case."  Dkt. 181 at 10.  The Court then analyzed the facts of the instant case, in

14   comparison with those present in *Yavapai*, and found that Plaintiffs failed to meet their

15   burden in showing that federal and tribal interests overcome state interests.  *Id*. at 13.  In

16   dismissing Plaintiffs' argument regarding Defendants' provision of services to CTGW,

17   the Court quoted the Ninth Circuit in its dismissal of a similar argument in *Gila River*

18   *Indian Cmty. v. Waddell*, 91 F.3d 1232 (9th Cir. 1996) ("*Gila II*").  *Id*.  In *Gila II*, the

19   Ninth Circuit held that "'[t]he State's interests are sufficient to justify the imposition of its

20   tax on the entertainment events.  Even against a "backdrop of Indian sovereignty," the

21   balance of federal, tribal, and state interests present in this matter weighs against

22   preemption of the state tax.'"  Dkt. 181 at 13 (quoting *Gila II*, 91 F.3d at 1239).  Indeed,

23   the Court in this case did not fail to address Plaintiffs' claim that Defendants interfered

24   with their sovereign right of self-government.  Rather, the Court considered this principle

25   of tribal self-government as a part of their analysis of Plaintiffs' claim under *Bracker*.

26   This is not to say that the right to self-government is not a separate barrier to state

27   taxation, independent of preemption.  Rather, the Court found it proper to consider the

28

claim under its *Bracker* analysis just as the Supreme Court did in that case. *Bracker*, 448 U.S. at 142.

In *Bracker*, the Supreme Court "recognized that the federal and tribal interests arise from the broad power of Congress to regulate tribal affairs under the Indian Commerce Clause, Art. I, § 8, cl.3, and from the semi-autonomous status of Indian tribes. *Ramah Navajo School Bd., Inc. v. Bureau of Revenue of New Mexico*, 458 U.S. 832, 837 (1982) (citing *Bracker*, 448 U.S. at 142). "These interests tend to erect two 'independent but related' barriers to the exercise of state authority over commercial activity on an Indian reservation: state authority may be pre-empted by federal law, or it may interfere with the tribe's ability to exercise its sovereign functions." *Id*. (quoting *Bracker*, 448 U.S. at 142).

In its April 2, 2010, order the Court concluded that the tax imposed by Defendants was not pre-empted by federal law and such tax did not interfere with Plaintiff Tribe's ability to exercise its sovereign functions. While the Court did not separate the issue under its own heading, the Court clearly addressed Plaintiffs' sovereignty claim in its analysis of the parties' respective governmental interests. Dkt. 181 at 9-14. The Court stated that:

> Plaintiffs also argue that the Tribe's paramount interest at stake is its strong interest in economic self-sufficiency and its desire to "steadily decrease its reliance upon federal funding to provide essential Tribal governmental services and programs." Dkt. 113-2 at 22, ¶ 111. While there is scant evidence that the tax would substantially impair this interest, the court in *Crow Tribe of Indians v. Montana*, 650 F.2d 1104 (9th Cir.1981), said, "It is clear that a state tax is not invalid merely because it erodes a tribe's revenues, even when the tax substantially impairs the tribal government's ability to sustain itself and its programs." *Id*. at 1116. Moreover, here, as in *Gila River Indian Cmty. v. Waddell*, 91 F.3d 1232 (9th Cir. 1996), there is "no evidence in the record to indicate that the profits from these facilities are the Tribe's sole source of income." *Id*. at 1238.

*Id*. at 12. The Ninth Circuit, in *Gila River Indian Cmty. v. Waddell*, 967 F.3d 1404 (9th Cir 1992) ("*Gila I*"), stated that while the doctrine of tribal self-government constitutes a separate barrier to certain state taxation, it "bears some resemblance to that

1   of federal preemption." *Id*. (citing *Bracker*, 448 U.S. at 142).  The doctrine prohibits

2   "state action which infringes on the right of reservation Indians to make their own laws

3   and be ruled by them." *Id*. (internal quotation marks omitted).  Thus, "application of the

4   doctrine requires weighing the state's interest in raising revenue to fund state-provided

5   services, both on and off the reservation, against the Tribe's interest in levying its own

6   taxes in order to provide tribal services on the reservation." *Id*. (internal citations and

7   quotation marks omitted).  The Court, in its April 2, 2010, order analyzed these

8   competing interests and found that Defendants' interests outweighed those of the

9   Plaintiffs.  Dkt. 181 at 9-14.

10        Moreover, any failure on the Court's part to analyze Plaintiffs' independent

11  sovereignty claim in more depth stems from a lack of evidence presented by Plaintiffs.

12  Defendants clearly moved for summary judgment on all of Plaintiffs claims, including the

13  sovereignty claim.  *See* Dkt. 129 at 2 ¶¶ 1-9.  Plaintiffs were well aware that Defendants

14  intended the Court to decide this case on summary judgment.  Dkt. 100 at 1; Dkt. 133 at 2

15  & 12.  Indeed, counsel for Plaintiffs stated at oral argument that there was no need for a

16  trial and that the case could be decided on summary judgment.  If Plaintiffs intended to

17  submit further evidence in support of their sovereignty claim, the proper place to do so

18  was in response to Defendants' motion for summary judgment.  As the Court cited in its

19  orders on summary judgment:

20           The moving party is entitled to judgment as a matter of law when the
             nonmoving party fails to make a sufficient showing on an essential element
21           of a claim in the case on which the nonmoving party has the burden of
             proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no
22           genuine issue of fact for trial where the record, taken as a whole, could not
             lead a rational trier of fact to find for the nonmoving party. *Matsushita*
23           *Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)
             (nonmoving party must present specific, significant probative evidence, not
24           simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).

25  Dkts. 61 at 11 and 181 at 8.  In response to Defendants' motion for summary judgment,

26  Plaintiffs failed to present evidence in support of its sovereignty claim sufficient to raise a

27  genuine issue of material fact.

28

1    Therefore, the Court's April 2, 2010, order granting Defendants' motion for

2    summary judgment was sufficient to dismiss any remaining claims under Count III of

3    Plaintiffs' amended complaint (Dkt. 46 at ¶¶ 50-52).

4                                    **V. ORDER**

5            Therefore, it is hereby

6            **ORDERED** that Plaintiffs' Amended Motion to Amend April 2, 2010 Judgment in

7    Civil Case (Dkt. 188) is **GRANTED in part** and **DENIED in part** in accordance with

8    the Court's discussion above and Plaintiffs' request pursuant to 28 U.S.C. § 1292(b) is

9    **DENIED** as moot.

10           DATED this 23rd day of June, 2010.

11

12

13   _____

14   BENJAMIN H. SETTLE
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 11